## Case No. 4,529.

ESPINOSA v. UNITED STATES.[1]

District Court, D. California. March 31, 1873.

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[1] [Not previously reported.]

HOFFMAN, District Judge. It is not, of course, pretended that this court has any jurisdiction to review or reverse any decree entered by its predecessor, or by itself, after the term has expired, or to correct any errors of law or fact which may have been committed. It is not suggested that there has been any fraud upon the court. The ground upon which the application is based, is that the record discloses a case of manifest mistake, and that the decree does not express what the record shows to have been the real judgment and sentence of the court. To the proper appreciation of the question thus presented, a brief statement of the facts of the case is necessary.

In October, 1837, Salvador Espinosa presented a petition to Governor Alvarado, setting forth, in substance, that he had for fourteen years occupied the place known as La Bolsa de Escorpines, which had been ceded to him by the ancient (Spanish) government; but that the record of the grant had been lost, and was not to be found in the archives. He therefore prayed that the possession of the land might be given him in due form, and, according to the diseño, annexed to his petition. On the same day the governor, by a marginal decree, acceded to his petition, and directed him to present himself before the alcalde by whom the land was to be measured, according to the ordinances and the diseño, "expressing the number of varas which result, to the party interested." This being done, the expediente was to be returned to the government, "that the party interested may receive the title he asks for, and that the documents may be concluded." In pursuance of this decree the measurements were effected. The proceedings of the alcalde are contained in a record of judicial possession of unquestioned authenticity. These proceedings, however, do not appear to have been returned to the government, nor was any formal title applied for or obtained from the governor.

It was held, both by the board of land commissioners and the district court that, notwithstanding this defect, the claimant was entitled to confirmation in consideration of the manifest intention of the governor to make the grant—his recognition of the title, derived from the ancient Spanish authorities, and the equities growing out of a long and uninterrupted possession. It is apparent that under these circumstances the juridical measurement afforded the chief means of ascertaining the extent and location of the grant. On this point the board observes: "The juridical measurement does not define with great accuracy the boundaries; but, with the aid of the map on file, taken in connection with the long and notorious possession of the claimant, the premises can, we think, be located without much difficulty." In the record of juridical measurement, the alcalde, after stating that a cord was measured of 50 varas in length, describes the measurement as follows: "And thereupon, in the corner (rincon) of the bolsa de los Escorpines, which is situated to the west, they commence their measurement, extending the cord towards the east as far as the boundaries of Nicolas Alvera, and there were measured 233 cords; and after that, standing on the borders of Trinidad Espinosa at the south, the cord was carried towards the north as far as the first saucelito at the entrance of the cañada de San Miguel, and there were measured 70 cords of 50 varas," etc., etc. In the decree of the board, the land confirmed is described as follows: "The lands, of which confirmation is hereby made, are known by the name of Bolsa de los Escorpines, and are the same now occupied by Salvador Espinosa, and are bounded and described as follows, to wit: "Commencing at the first saucelito at the entrance of the cañada de San Miguel, and running thence south 3,500 varas to the borders of the land owned by Trinidad Espinosa; thence running west 11,600 varas; thence running north 3,500 varas; thence running east to the place of beginning 11,650 varas." It will be seen that with the slight discrepancy of 50 varas between the lengths of the northern and southern boundaries (due, no doubt, to a clerical mistake), the location of the tract is fixed with absolute certainty, provided the saucelito or point of beginning can be found; and of this no question is made. It will also be seen that there is confirmed to the claimant the full quantity measured for him by the alcalde, viz., a tract 233 cords (11,650 varas) in length, by 70 cords (3,500 varas) in width.

It is urged, however, that, by the record of juridical measurement, it appears that only two lines were measured by the alcalde, one running through the rancho from west to east, from the rincon of the bolsa to the lands of Alvera, in length 233 cords. The other, from south to north, from the borders of Trinidad Espinosa to the saucelito, in length 70 cords,—and that this latter line was run through the middle of the rancho, and did not form its eastern boundary. It is therefore argued that the board and the district court, by adopting the saucelito as the point of beginning, and directing the line to be run thence 70 cords to the lands of Trinidad Espinosa, and thence (i. e., from its termination) west 233 cords; thence north 70 cords; thence east 233 cords, to the place of beginning,—have shifted the location of the tract to the westward of the tract measured by the alcalde, and have prevented it from extending toward the east to the lands of Alvera, as described in the record of juridical measure-

ment, and in conformity to its ancient and notorious boundaries. In support of this view, several depositions have been taken, and references made to other expedientes in the archives. These proofs, it is claimed, establish beyond doubt that the rancho of Bolsa de los Escorpines and that of La Natividad (the lands of Nicolas Alvera) were universally recognized as coterminous. It is apparent that the introduction of these proofs is a recognition of the fact, otherwise sufficiently obvious, that this application is in effect an attempt to procure, after the lapse of sixteen years, the revision and correction by this court of a supposed error of its predecessor, and that this correction is to be made, not because the record discloses that a clerical misprision has occurred, but because, aided by additional proofs, this court is of opinion that an error has been committed. Such a proceeding is wholly inadmissible, and the application might be dismissed on the sole ground that this court is without power or jurisdiction to make the desired correction. But even if the question were an open one, and I were now at liberty to make such a location as might appear to be just; on the proofs recently submitted, I have failed to find any certain evidence that an error has been committed. The counsel for the claimant has assumed in his brief that the second line run by the alcalde was drawn through the middle of the rancho, and not at its eastern boundary. Of this, I find in the record no proof.

The record states that "after that, standing in the borders of Trinidad Espinosa, at the south, the cord was carried to the north, so far as the first saucelito," etc. From this we learn that the point of commencement on the borders of Trinidad Espinosa, was a point to the south of the saucelito; but whether the line so drawn was run through the middle or at the end of the rancho, does not appear. On recurring to the diseño, we find the saucelito clearly delineated. It and the cañada de San Miguel are at the extreme northeastern corner of the tract marked "Bolsa de los Escorpines," and their positions show that a line drawn south from the saucelito would form the eastern boundary of the tract as delineated on the diseño. It may be presumed that the board and the district court were guided by this indication in fixing the eastern boundary of the tract.

Again, I do not understand it to be denied that the claimant must be restricted to the precise quantity measured off to him by the alcalde, viz., a tract 233 cords in length, by 70 in width. The measurement gave precision and definiteness to the tract called "Bolsa de los Escorpines." It was accepted by the claimant, and the tract so measured is the only one which we can presume the governor promised or intended to grant. The boundaries of this tract can be ascertained without difficulty. If a line be drawn from the rincon of the bolsa, east 233 cords, and another at right angles to it from the saucelito, south 70 cords, we have the length and width of the tract. By drawing at each end of the longitudinal line, two lines parallel to and of equal length with the line drawn from the saucelito, and connecting the extremes of these two lines, a tract is enclosed of precisely the required dimensions. If it be contended that the line from the rincon and that from the saucelito must be run until the lands of Alvera are reached by the one, and the borders of Trinidad Espinosa by the other, it is sufficient to say that in the record of measurement these calls are evidently subordinate to the calls for distance or length, and that even if this were not so, the adoption by this court of those boundaries would be the substitution of a new and radically different mode of survey in place of that finally fixed and determined upon by the decrees of the board and the district court. Neither the record nor the proofs recently taken show that a line drawn from the bolsa, 233 cords, would extend beyond the eastern boundary, as fixed by the board, or that a line drawn westerly from the saucelito line to the distance of 233 cords, would extend beyond the bolsa. If, then, this grant were now to be located by this court, the location fixed by its predecessor would not certainly appear to be incorrect. To determine that question, evidence as to the situation of the rincon and its distance from a line drawn south from the saucelito, would be necessary; as would also some proof identifying the objects marked "laguna," "isla," and "arrolo," on the diseño—the first of which seems to form the southerly boundary of the rancho for more than half its length, and the others are represented as situated towards, or at its western extremity. The establishment of the position of these objects might or might not show error in the location fixed by the board; but the necessity for an inquiry into their positions demonstrates that what the court is now invited to do, is not to correct an obvious clerical mistake manifest by the record, but to re-locate the tract; and that to do this advisedly and correctly additional testimony is indispensable—the result and effect of which is doubtful. It will not be pretended that the court has at this time any such power. It may be observed, in addition, with reference to the supposed clerical mistake, that the decree of the board remained on appeal to the district court from December, 1852, until September, 1855, when the decree of the district court was rendered. That, during all this time, there was opportunity to procure the correction of the supposed mistake by the district court, and that the decree of the latter tribunal is in the precise language of the decision of the board, and wholly in the handwriting of the late Judge McAllister, who was then holding the district court for the southern district of California. The motion must be denied.

(April 5, 1873.)

HOFFMAN, District Judge. Since the foregoing opinion was written, an additional brief has been filed, to which, as well as to the depositions recently taken, my attention has been earnestly solicited. I see no reason to doubt the correctness of the conclusions heretofore reached. Though not explicitly stated, it is, nevertheless, clear that the efforts of the claimant are directed to the obtaining from this court a decree adopting the survey of Turrell. In other words, substituting for the final decree in the case a new decree, fixing the limits of the tract by reference exclusively to the boundaries of the adjoining ranchos. It is sufficient to say, that if the case were open for adjudication, this could not be done. The only land to which the claimant can set up any title, is the tract measured to him by the alcalde. This was evidently a parallelogram, in length 233 cords, and in width 50 cords. To a tract of those dimensions his claim was confirmed by the board and the district court, and to it he must now be restricted. The mode of measuring ought unquestionably to have been that adopted by the alcalde, viz., by drawing from the rincon in an eastwardly direction a line 233 cords in length, and by drawing from a point 50 cords south of the saucelito a line north to that object. The tract would then be inclosed by lines passing through the extremities of the first mentioned lines in a direction perpendicular to their course. It appears from the map of Bielawski, to which my attention had not been directed when the former opinion was written, that the line drawn south from the saucelito and established by the decree as the eastern boundary will not pass through the end of a longitudinal line drawn from the rincon eastward 233 cords, but will cut that line at a considerable distance from its extremity.

I think, therefore, that the decree is erroneous in this particular. But that the board and district court misled, it may be, by the diseño, as already suggested, intended to adopt and establish the line running south from the saucelito as the eastern boundary, cannot, I think, be for a moment doubted. The language of the decree is explicit and unequivocal. Nothing in the record tends to show such a location to be incorrect. It even derives much apparent support from the indications of the diseño. The error is disclosed only on the production of the evidence contained in Mr. Bielawski's deposition and map. I can see no reason whatever for attributing this error to a clerical mistake. It is plainly a case of error arising from want of evidence as to the real facts of the case. It is exposed, and could now be corrected only by the production of additional proofs. This court has no jurisdiction to take or consider those proofs, or to correct the error.